IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | No.  CR-23-237-SLP |
| ) | |
| JEFF WENG and ) | |
| TONG LIN, ) | |
| ) | |
| Defendants. ) | |

## UNITED STATES' RULE 404(b) NOTICE

The United States hereby provides notice pursuant to Federal Rule of Evidence 404(b) that it intends to introduce evidence at trial arguably relating to other crimes or wrongful acts committed by defendant Jeff Weng for the purpose of proving intent, plan, knowledge, and absence of mistake or accident.

In particular, the Government intends to offer evidence of Mr. Weng's possession of a firearm on May 17, 2023, which was discovered during the execution of a federal search warrant at the black-market marijuana grow he operated and managed located at 7828 State Highway 9 in Wetumka, Oklahoma (the "Wetumka Grow"). *See* Exhibit 1, *Firearm*.[1]  At trial, the United States anticipates that the evidence will show that on May

---

[1] The United States believes Mr. Weng's possession of the firearm found at the marijuana grow during the execution of the federal search warrant is *res gestae* of the charged crime in this case – conspiracy to distribute marijuana. *See United States v. Jackson*, 161 F.3d 18, *3-4 (10th Cir. 1998) (unpublished) (citing *United States v. Kimball*, 73 F. 3d 269, 272 (10th Cir. 1995) (("Evidence of other crimes should not be suppressed when those facts come in as *res gestae*-as part and parcel of the proof of the

17, 2023, when federal agents executed a search warrant at the Wetumka Grow, agents observed a gun holster in the residence occupied by Mr. Weng. After observing the holster, agents asked Mr. Weng, who was present and detained at the grow during the search, whether he had a firearm. He indicated that he did. Agents then located a firearm contained in a gun box inside the residence on a shelf above the washing machine. As described below, this evidence is admissible as "tools of the trade" evidence in establishing Mr. Weng's knowledge and intent to participate in the charged drug conspiracy.

Under Rule 404(b), "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). If such evidence is offered to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident," however, it may be admitted. Fed. R. Evid. 404(b)(2).

When offered for such purposes, a district court must still ensure: (1) the evidence is offered for a proper purpose; (2) the evidence is relevant; (3) the probative value of the evidence is substantially outweighed by its prejudicial effect under Rule 403; and (4) a proper limiting instruction can be given if requested by the defendant. *See United States v. Mares*, 441 F.3d 1152, 1156 (10th Cir. 2006).

All four factors weigh in favor of admitting evidence of Mr. Weng's firearm

---

offense [ ] charged in the indictment." (alteration in original) (internal quotations omitted)). Not only is Mr. Weng's possession of the firearm inextricably intertwined with the charged drug conspiracy, but it also is an "integral and natural part of the witnesses' accounts of the circumstances surrounding the offense[] for which the defendant[s] [were] indicted." *Id.* at *4 (citing *United States v. Foster*, 889 F.2d 1049, 1054 (11th Cir. 1989).

2

possession at the time he operated the marijuana grow. Importantly, "Rule 404(b) is considered to be 'an inclusive rule, admitting all evidence of other crimes or acts except that which tend to prove only criminal disposition.'" *United States v. Tan*, 254 F.3d 1204, 1208 (10th Cir. 2001) (quoting *United States v. Van Metre*, 150 F.3d 339, 349 (4th Cir. 1998)).

In *United States v. Hall*, 473 F.3d 1295, 1303-1304 (10th Cir. 2007), the Tenth Circuit directly affirmed the admission of evidence of firearm possession for purposes of proving a drug conspiracy as evidence of "tools of the trade," despite the defendant not being charged with the possession of the firearm. *United States v. Hall*, 473 F.3d 1295, 1303-1304 (10th Cir. 2007). In that case, the Tenth Circuit held that "[s]ome items like firearms, large sums of cash, weighing scales, and uncharged quantities of illegal drugs" are generally viewed as 'tools of the trade'—that is, means for the distribution of illegal drugs." *Id*. at 1304 (internal quotations omitted). The Tenth Circuit continued, "[a]s such, these items are probative of a defendant's participation in the drug distribution business." *Id*. Finally, the *Hall* Court noted that "[i]t is basically immaterial to the admissibility inquiry in cases like these whether the accused has been charged with an offense directly related to his or her possession of a 'tool of the trade.'" *Id.* (citing *United States v. Martinez*, 938 F.2d 1078, 1083 (10th Cir. 1991).

Applying *Hall*, this Court should find that evidence of Mr. Weng's firearm possession is admissible as it is offered to prove, and is probative of, his knowing and intentional participation in the charged drug conspiracy. Likewise, it is probative of proving Mr. Weng's role in the drug conspiracy—that is, he was the leader and organizer

3

of the charged conspiracy and not some unwitting participant. First, the firearm is being offered for a proper purpose – here, to establish Mr. Weng's knowledge of and participation in the drug conspiracy. Second, the firearm possession is relevant to proving the charged drug conspiracy. As demonstrated by *Martinez* and its progeny, including *Hall*, firearm possession is a tool of the drug trade—facilitating drug transactions and providing drug traffickers protection for themselves and their operation—, as such, it is relevant evidence to establishing Mr. Weng's knowledge and intent to participate in the drug conspiracy. *Martinez*, 938 F.2d at 1083. Indeed, Mr. Weng's possession of a firearm demonstrates an active participant in the drug conspiracy rather than an unwitting manager of the Wetumka Grow.

Here, during the execution of the search warrant, Mr. Weng admitted to the possession of the firearm. Furthermore, the firearm was found inside the primary residence located on the property of the Wetumka Grow. Therefore, the firearm was found in close proximity to the marijuana plants and where unlawful distribution of marijuana took place.[2] Evidence of dominion and control found inside the residence show that Mr. Weng lived at and controlled the residence where the firearm was found. Additionally, hidden in the attic of Mr. Weng's bedroom closet, agents discovered additional evidence constituting "tools

---

[2] At trial, the United States anticipates that Brandon Ye will testify that between December 2022 and his arrest on March 31, 2022, he made approximately 10-15 trips, often using his fake Amazon delivery van, to the Wetumka Grow to pick up and transport black-market marijuana. Thereafter, Mr. Ye took the marijuana to a stash house before ultimately shipping the marijuana out-of-state via semi-truck. According to Mr. Ye, each time he went to the Wetumka Grow, Defendant Tong Lin would help load cardboard boxes full of marijuana into the back of Mr. Ye's vehicle.

of the trade" when they recovered more than $100,000 in vacuum-sealed cash. Consequently, Mr. Weng's possession of the firearm is relevant and probative of establishing Mr. Weng's role in the drug conspiracy, that being that he was the manager and leader of the drug conspiracy involving him and Mr. Lin.

The evidence of Mr. Weng's firearm possession is not substantially outweighed by the risk of unfair prejudice. Mr. Weng possessed the firearm at the time he was arrested and during the time period of the charged drug conspiracy. Again, this evidence is highly probative of his knowing participation in an illegal drug conspiracy.

Moreover, the proper question is not whether the evidence prejudices Mr. Weng. Indeed, "[v]irtually all relevant evidence is prejudicial to one side or the other." *United States v. Archuleta*, 737 F.3d 1287, 1293 (10th Cir. 2013). Rather, the relevant question is whether the risk of *unfair prejudice* "substantially outweighs" the probative value of the evidence. *See* Fed. R. Evid. 403; *accord Schene*, 543 F.3d at 642. Put differently, the question is whether the risk that the admission of this evidence will "cause the jury to decide the instant case against [Mr. Weng] on an improper emotional basis" substantially outweighs the probative value of the evidence. *United States v. McGlothin*, 705 F.3d 254, 1266 (10th Cir. 2013). In addition, any Rule 403 analysis must take place in the context of the Tenth Circuit's admonition that "our law *favors* admission of all relevant evidence not otherwise proscribed; thus exclusion under [Rule 403 balancing] is 'an extraordinary remedy [that] should be used sparingly." *Irving*, 665 F.3d 1184, 1213 (10th Cir. 2011) (second alteration in original) (quoting *United States v. Rodriguez*, 192 F.3d 946, 949 (10th Cir. 1999)).

Framed this way, the third factor favors admission, as well.  There is little risk that the proffered evidence will unfairly prejudice Mr. Weng, much less that the risk of unfair prejudice *substantially* outweighs the probative value of this evidence.  As cited above, the Tenth Circuit has affirmed the admission of a defendant's firearm possession in a charged drug conspiracy, even when the possession of the firearm was uncharged, discovered outside the time period of the charged drug conspiracy, and found inside a vehicle the defendant claimed to have been abandoned.  *See Hall*, 473 F.3d at 1303.

The final factor—whether this Court has an opportunity to issue a limiting instruction—clearly weighs in favor of admissibility.  Should this evidence be admitted and should Mr. Weng or Mr. Lin request that a limiting instruction be issued, the Government would have no objection to it.

## **CONCLUSION**

Pursuant to Rule 404(b), the Government herein provides notice of potential evidence relating to other crimes or wrongful acts committed by Mr. Weng for the purpose of proving intent, knowledge, and absence of mistake or accident and submits that the proposed evidence should be admitted in the trial in this case for the reasons set for above.

                                          Respectfully submitted,

                                          ROBERT J. TROESTER
                                          United States Attorney

                                          s\*Wilson D. McGarry*
                                          Assistant United States Attorney
                                          Bar No. 31146
                                          210 Park Avenue, Suite 400
                                          Oklahoma City, Oklahoma 73102
                                          (405) 553-8700 (Office)
                                          (405) 553-8888 (Fax)
                                          wilson.mcgarry@usdoj.gov

## CERTIFICATE OF SERVICE

      I hereby certify that on December 13, 2023, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

    Todd E. Henry defense counsel for Jeff Weng
    J. Ken Gallon defense counsel for Tong Lin

                                              s/*Wilson D. McGarry*